Mariano ABZUN–LADINO, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Mary Ann Gantner, New York District Director, U.S. Citizenship & Immigration Services, Respondents.

No. 06–2023–ag.

United States Court of Appeals, Second Circuit.

April 13, 2007.

Mario DeMarco, Port Chester, NY, for Petitioner.

Reginald I. Lloyd, United States Attorney, Beth Drake, Assistant United States Attorney, United States Attorney's Office for the District of South Carolina, Columbia, SC, for Respondents.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Mariano Abzun–Ladino, a native and citizen of Guatemala, seeks review of a March 31, 2006 order of the BIA, which affirmed the November 23, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mariano Abzun–Ladino,* No. A 70 776 909 (B.I.A. March 31, 2006), *aff'g* No. A 70 776 909 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford particular deference in applying the substantial evidence standard." *Zhou Yun Zhang,*

386 F.3d at 73 (internal quotation marks omitted).

We conclude that substantial evidence supports the IJ's determination that Abzun–Ladino failed to meet his burden of establishing past persecution or a well-founded fear of future persecution. The IJ reasonably found that Abzun–Ladino's claim of past persecution based on political opinion was undermined by his testimony's implausibility and lack of corroboration. In particular, Abzun–Ladino's uncorroborated testimony about his membership in the Revolutionary Party, which was not mentioned in either of his asylum applications, was insufficient to establish that he was persecuted for his membership in the party. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) ("In order to establish persecution 'on account of' political opinion under [8 U.S.C.] § 1101(a)(42), an asylum applicant must show that the persecution arises from his or her own political opinion.... The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992))). In addition, Abzun–Ladino's failure to obtain corroborating statements or testimony from siblings who live in the United States was properly considered by the IJ. *Zhou Yun Zhang,* 386 F.3d at 71 ("[W]here the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof.").

Substantial evidence also supports the IJ's determination that Abzun–Ladino failed to establish a well-founded fear of future persecution, particularly in light of

substantial changes in country conditions, *see Hoxhallari v. Gonzales,* 468 F.3d 179, 184–87 (2d Cir.2006). The IJ properly found that Abzun–Ladino's failure to offer any evidence that the guerrillas who allegedly threatened him in 1993 continued to operate in Guatemala, much less that anyone would be aware of Abzun–Ladino's alleged political opinion were he to return, weighed against Abzun–Ladino's claim to a well-founded fear of future persecution. The IJ also properly considered the continued residence of Abzun–Ladino's mother and other relatives, and his two return visits to Guatemala, as evidence that his alleged fear of future persecution was not well-founded. *See Matter of A–E–M–,* 21 I. & N. Dec. 1157 (BIA 1998) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed).

With respect to Abzun–Ladino's request for withholding of removal and relief under the CAT, we lack jurisdiction to review any arguments regarding these claims because they were not exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Lastly, this Court lacks jurisdiction to review the denial of Abzun–Ladino's request for voluntary departure. 8 U.S.C. § 1229c(f).

For the foregoing reasons, Abzun–Ladino's petition for review is DENIED.